.12320.    STOKES *v.* MARTIN, administrator.

1. The amendment to the petition did not constitute a new cause of action.
2. Where the plaintiff was entitled to a verdict for a larger amount than that directed by the court, the defendant cannot complain.
DECIDED JUNE 6, 1921.

Complaint; from city court of Wrightsville — Judge Kent presiding. February 25, 1921.

This was a suit on the following account: "October 3, 1916. 2 bales of middling lint cotton, at 15 cents per pound, each weighing 500 pounds, $150.00." The defendant's answer denied the indebtedness, and after the evidence was concluded an amendment to the account sued upon was offered, in the following form: "To 2 bales middling lint cotton, at 15 cents per pound, each weighing 500 pounds, $150.00, or interest of 7% from March 23, 1916, on $1,125.00, to Feb. 12, 1917, $72.25." The defendant objected to this amendment, on the ground that it set out a new cause of action. The judge overruled the objection, allowed the amendment, and then, of his own motion, directed a verdict against the defendant for $72.25 principal, and $22.23 interest on $1,125, at 7 per cent. per annum from March 23, 1916. The case came to this court on exceptions to the allowance of the amendment and to the direction of the verdict.

*C. S. Claxton,* for plaintiff in error.

*E. L. Stephens,* contra.

HILL, J. (After stating the foregoing facts.) To determine the assignments of error it is necessary to consider the evidence. The plaintiff was administrator on the estate of B. M. Dent. Under an order of the court of ordinary he made a public sale of certain land of the estate on the first Tuesday in March, 1916, and Stokes, the defendant, bought the property for $1,125. Frances Smith filed a claim to the land, and in view of this fact it was agreed between the administrator and the purchaser that a deed to the land should be made to the purchaser by the administrator, and a check of the purchaser for the amount of his bid, $1,125, should be made to the administrator, and both the deed and the check should be placed in the hands of the Wrightsville Bank until the Smith claim should be settled by the administrator with the claimant. The deed and the check were accordingly deposited in the bank. The evidence shows that the Smith claim was not settled until the early part of the year 1917, and that immediately upon its settlement the bank delivered to the administrator the check for $1,125, and delivered to the purchaser the administrator's deed to the land. The administrator testified, that he rented this land for the year 1916, for two bales of cotton; that in the

fall of 1916 the tenant came to see him with Stokes, the purchaser of the land at the administrator's sale, to pay the rent for the year 1916, 1,000 pounds of cotton; that he then took the rent from the tenant, and turned it over to Stokes, who agreed to pay him interest on the $1,125, or to turn back the cotton in case of loss by the administrator in making a settlement with the claimant of the land; and that he had to pay out of his own pocket the interest on the $1,125 from March 6, 1916, to February 9, 1917, at 7 per cent. Stokes denied that he ever agreed to turn back to the administrator the cotton for the rent of the place for the year 1916, or to pay him interest on the $1,125 represented by the check deposited in the bank, and that he, and not the administrator, rented the land for the two bales of cotton for the year 1916. In other words, he denied directly and positively the administrator's testimony on material questions in the case, and as to these questions there was no corroborative evidence in favor of either the plaintiff or the defendant. The amendment to the bill of particulars was not filed until after the conclusion of the evidence.

In the light of the evidence we do not think the amendment constituted a new cause of action. The cause of action was the same transaction, and grew out of the administrator's sale of the land, and was in the nature of a claim for remuneration for the rent of that land during the year 1916, and the amendment simply introduced another measure of the plaintiff's claim. Under that portion of the evidence which is not in conflict, we think that the plaintiff, as administrator, was legally entitled to the two bales of cotton for which the land was rented for the year 1916. 'The administrator testified that he did not surrender control of the land to the defendant as the purchaser at the administrator's sale, but that for the year 1916 and after the sale he rented the land for the two bales of cotton, and that at the end of the year the renter delivered the two bales of cotton to him and he turned them over to the defendant on the promise of the latter to return them if he incurred any loss in the settlement of the claim made to the property. The defendant denied this, testifying that he, and not the administrator, rented the land for the year 1916, and collected the rent from the tenant. Irrespective of this question, it is conceded that the deed to the land was not to be delivered to the pur-

chaser until a settlement of the claim to the land, and in pursuance of this agreement the deed and the check for the purchase-money were placed with the bank to be delivered to the parties respectively on settlement of the claim. The claim was not settled until the year 1917, when both the deed and the check were accordingly turned over by the bank to the respective parties. The administrator could not, without an order of the court of ordinary, sell the land on time, nor did he attempt to do so. Until the deed was delivered to the purchaser the title to the land did not pass, and consequently the administrator was entitled to the rent of the land for the year 1916, regardless of who had collected it from the renter for that year; and the act of the administrator in turning over the two bales of cotton, even conditionally, to the purchaser at the administrator's sale was unauthorized by law. He could not give away the property of his trust on any condition. It follows that he was not entitled to the interest for which the verdict was directed, but was entitled to the value of the two bales of cotton. The verdict directed by the court being for a less sum than the plaintiff was entitled to recover, the defendant has no right to complain.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*